CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

May 29, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:17CR00020-005 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **AMBER BILYEU,** *also known as* | ) | JUDGE JAMES P. JONES |
| *Amber Rose Bilyeu*, | ) | |
| | ) | |
| Defendant. | ) | |

*Danielle Stone, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant Amber Bilyeu has moved to reduce her sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). Bilyeu contends that compassionate release is warranted because she was the victim of sexual abuse while incarcerated. For the following reasons, I will deny the motion.

## I. BACKGROUND.

Bilyeu pleaded guilty to conspiracy to possess with intent to distribute and distribute 500 grams or more of "ice" methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On March 20, 2018, I sentenced her at the low end of the sentencing guideline range to 262 months' incarceration. Bilyeu is now 40 years old and has a projected release date of April 10, 2036.

While incarcerated, Bilyeu was involved in a sexual relationship with an Assistant Food Services Administrator named Lopez at the prison.  Over a roughly two-month period in 2021, Bilyeu went to Lopez's office almost daily and engaged in sexual activity.  Eventually, another inmate saw Bilyeu and Lopez kissing and the relationship was reported.  Bilyeu's sexual interactions with Lopez are the foundation of her motion.  The government does not contest that the interactions occurred but contends that Bilyeu initiated the relationship and thus there was no sexual abuse.

## II.  STANDARD OF REVIEW.

A sentencing court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  In deciding whether a prisoner's reasons for seeking a reduction are "extraordinary and compelling," the court's discretion is limited by the policy statement at § 1B1.13(b) of the Sentencing Guidelines. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). This provision lists examples of circumstances that qualify as extraordinary and compelling reasons for granting compassionate release. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b) (U.S. Sent'g Comm'n 2025). It includes circumstances where a "defendant, while in custody serving the term of imprisonment sought to be reduced" was sexually abused by "a correctional officer,

an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." USSG § 1B1.13(b)(4).

Even if the court finds an extraordinary and compelling reason, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). Applicable factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment; the need for adequate deterrence; and the need to protect the public from further criminal acts by the defendant. 18 U.S.C. § 3553(a). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450, 455 (W.D. Va. 2024).

### III. SUFFICIENCY OF THE ALLEGATIONS.

Bilyeu alleges that she was the victim of sexual abuse. As discussed above, the government does not contest that Bilyeu and Lopez engaged in sexual acts. Rather, it contends that Bilyeu actively pursued the relationship.

Bureau of Prisons rules are clear regarding sexual relationships between inmates and prison staff members. "There is never any such thing as *consensual* sex between employees and inmates," Fed. Bureau of Prisons Program Statement No. 3420.11, Standards of Employee Conduct § 5(b) (2013), http://bop.gov/policy

/progstat/3420_011.pdf., meaning that an employee cannot escape sanctions by relying on a willing inmate victim  Accordingly, Lopez was investigated by the BOP and terminated.

Even so, I do not find that the Sentencing Guidelines' contemplation of "sexual abuse" aims to give credit to inmates who seek out or pursue sexual relationships with staff.   To adopt a rule that voluntary sexual activity by an inmate with prison staff makes the prisoner eligible for compassionate release would likely encourage such activity, to the detriment of good order in the prison.

There is sufficient evidence in the record that Bilyeu sought out a relationship with Lopez and hoped it would continue.  Bilyeu testified before an administrative law judge reviewing Lopez's firing, which testimony the judge credited,  that "she enjoyed [Lopez's] attentions, and would have liked them to continue had they not been discovered."  Bilyeu's Reply Gov't Resp. Ex. 1, Merit Sys. Prot. Bd., No. AT-0752-24-0152-I-1, Initial Decision 6, Dkt. No. 1106-1.  Further, an interview with another inmate indicated that Bilyeu had made statements that she would seek out sexual activity with Lopez in order to lessen her sentence by providing evidence against him.  Gov.'s Resp. Opp'n Ex. B, BOP Investigative Rep. 3, ECF No. 1095. Collectively, these statements indicate that Bilyeu did pursue sexual contact with Lopez.

Even if Bilyeu had demonstrated an extraordinary and compelling reason for a reduction of sentence, I find that the § 3553(a) factors do not warrant release at this time.  Bilyeu was convicted of a serious crime involving the trafficking of large quantities of methamphetamine into this district.  Her disciplinary record in prison is also concerning, showing numerous violations for a wide range of conduct.  Finally, Bilyeu has served only about half of her sentence thus far.  It is, therefore, not in the interest of justice to grant Bilyeu's motion.

IV.  CONCLUSION.

For these reasons, it is **ORDERED** that the Motion for Compassionate Release and supplements, ECF No. 1024, 1031, 1042, 1071, are DENIED.

ENTER:   May 29, 2026

/s/  JAMES P. JONES
Senior United States District Judge